## In re MEADOWLANDS COMMUNICATIONS, INC.

### Bankruptcy No. 85–02972.

United States Bankruptcy Court,
D. New Jersey.

Nov. 14, 1985.

Robert P. Shapiro, Shapiro & Shapiro, Hackensack, N.J., for Sovor Associates.

Jeffrey A. Cooper, Kleinberg, Moroney, Masterson & Schachter, Millburn, N.J., for debtor.

James T. O'Halloran, Tompkins, McGuire & Wachenfeld, Newark, N.J., for AT & T Communications.

Gerald H. Gline, Cole, Schotz, Bernstein, Meisel & Forman, Rochelle Park, N.J., for Creditors Committee.

## OPINION

D. JOSEPH DeVITO, Bankruptcy Judge.

Upon a review of the issues raised in the above matter, the Court has reached a decision and embodies it in the following letter opinion.

The facts in this case are quite clear. The debtor failed to make the rental payment due on May 15, 1985. On May 31, 1985, the landlord terminated debtor's lease and memorialized said termination in letter bearing date as previously noted.

The landlord's action was taken pursuant to two wholly unambiguous provisions in the lease agreement. Paragraph 8.2[a] states that the landlord shall terminate the lease for nonpayment of rent if such default continues for five (5) days. Paragraph 8.1 states that, in the event of a default in the payment of rent, the landlord may, at its own option, terminate the lease at any time following the default upon giving the tenant five (5) days notice in writing.

An examination of the docket reveals that the debtor's petition in bankruptcy was filed on June 6, 1985.

Based upon the foregoing, the Court must conclude that the landlord validly exercised its right to terminate the lease agreement for failure of rental payments. Having terminated the lease, there is nothing for the debtor to assume. The law in this matter is explicit. In the matter of *In re Triangle Laboratories, Inc.*, 663 F.2d 463, 467–68 (3d Cir.1981), the Court of Appeals held: "an executory contract or lease validly terminated prior to the institution of bankruptcy proceedings is not resurrected

by the filing of a petition in bankruptcy, and cannot therefore be included among the debtor's assets."

Having decided that the lease agreement is no longer in existence, the motion to assume is denied.

Turning to the cross-motion to extend the time to assume or reject and the companion motion to assign the assumed lease, these motions are denied as being moot.

Submit an appropriate order.